**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-1478**

———————

ASHUKEM TARH NKWANYUO,

Petitioner,

versus

JOHN ASHCROFT, Attorney General of the United
States,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A77-892-913)

———————

Submitted: March 31, 2004          Decided: April 14, 2004

———————

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Peter D.
Keisler, Assistant Attorney General, Margaret J. Perry, Senior
Litigation Counsel, Deborah N. Misir, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ashukem Tarh Nkwanyuo, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen and reconsider.

On April 12, 2002, the Board entered an order affirming the immigration judge's order denying asylum and other forms of relief. Nkwanyuo did not file a petition for review from that order. He did file a motion to reopen and reconsider with the Board. The Board denied the motion to reconsider because it was untimely. It denied the motion to reopen because the proffered evidence did not alter the finding that Nkwanyuo failed to present a credible claim for asylum.

To the extent Nkwanyuo challenges the April 12 order, we are without jurisdiction to review it because he did not file a timely petition for review from that order. See 8 U.S.C. § 1252(b)(1) (2000); Stone v. INS, 514 U.S. 386, 405 (1995). The filing of a motion to reopen or reconsider with the Board does not toll the thirty-day period for seeking review of the underlying order. Id. at 394.

The Board's denial of the motion to reconsider is not a question before us. We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2003); INS v. Doherty, 502 U.S. 314, 323-24 (1992). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought

to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1) (2003).

We find the Board did not abuse its discretion denying the motion to reopen. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED